**IN THE COURT OF APPEALS OF IOWA**

No. 16-0244
Filed April 6, 2016

**IN THE INTEREST OF S.N.,**
**Minor child,**

**A.N., Mother,**
Appellant.

_____


Appeal from the Iowa District Court for Cerro Gordo County, Annette L. Boehlje, District Associate Judge.


The mother appeals the termination of her parental rights to her child, S.N. **AFFIRMED.**


Crystal L. Ely of the North Iowa Youth Law Center, Mason City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd, Assistant Attorney General, for appellee State.

David A. Grooters of Pappajohn, Shriver, Eide & Nielsen, P.C., Mason City, attorney and guardian ad litem for minor child.


Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**VOGEL, Judge.**

The mother appeals the termination of her parental rights to her son, S.N. She asserts (1) the Iowa Department of Human Services (DHS) failed to make reasonable efforts to reunite her with S.N. given she was denied visitation for one month, and (2) that one factor set forth in Iowa Code section 232.116(3) (2015) should preclude termination. We conclude DHS offered reasonable services to the mother and no considerations counsel against termination; consequently, we affirm the order of the district court.

S.N., born September 2007, came to the attention of DHS in June 2013 due to the mother's use of methamphetamine while caring for him.[1] After DHS provided multiple services, he was removed from the mother's care on October 2, 2014, because of the mother's instability, mental and substance abuse issues, as well as her inability to control S.N.'s aggressive behaviors. S.N. was placed with his maternal grandmother, though at the time of the termination hearing S.N. resided in the Psychiatric Medical Institution for Children (PMIC) facility.

The mother continued to use methamphetamine through the majority of these proceedings, only sporadically attending substance abuse treatment. The DHS report dated November 23, 2015, noted the mother had a positive drug test in the past thirty days and she had missed a drug test scheduled for November 9, 2015. She also refused a drug test in December. In addition, the mother suffers from mental health issues, though she does not consistently attend treatment.

---

[1] The DHS report to the court dated January 5, 2016, notes, "[s]ervices have been involved with S.N. since he was approximately 2 years old." The mother has been receiving services, such as mental health counseling and substance abuse treatment, since 2011.

The district court noted, "She is a conspiracy theorist and rarely trusts anyone. She has active paranoia and has at times during this case audio or video taped providers to 'prove' they were out to get her."

The State petitioned to terminate the mother's parental rights,[2] and a hearing was held that the mother did not attend.[3] On January 22, 2016, the district court filed an order terminating her parental rights pursuant to Iowa Code section 232.116(1)(a),[4] (e), and (f), finding that it was in S.N.'s best interests to do so and that no permissive factor weighed against termination. The mother appeals.

We review termination proceedings de novo. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). The grounds for termination must be proved by clear and convincing evidence. *Id.* Our primary concern is the child's best interests. *Id.* The court must also consider the permissive factors contained in Iowa Code section 232.116(3), which state:

> The court need not terminate the relationship between the parent and child if the court finds any of the following:
> a. A relative has legal custody of the child.
> b. The child is over ten years of age and objects to the termination.
> c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.
> d. It is necessary to place the child in a hospital, facility, or institution for care and treatment and the continuation of the parent-child relationship is not preventing a permanent family placement for the child.

---

[2] It also petitioned for the father's rights to be terminated, which the district court granted; however, the father does not appeal.

[3] She informed her attorney she had to wait for a moving van and requested a continuance, which was denied. In its order the district court found "this was another attempt to delay the proceedings by the mother."

[4] We note the record does not show the mother consented to termination of her parental rights; however, she does not contest this ground on appeal.

  e. The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces.

Iowa Code § 232.116(3)(a)–(e).

  The mother does not contest grounds for termination pursuant to subsection (1). Thus, we affirm the court's termination of her parental rights pursuant to Iowa Code section 232.116(1)(a), (e), and (f).[5] The mother's complaints on appeal are that DHS failed to make reasonable efforts to reunite her with S.N., and a consideration found in subsection (3)—that S.N. is placed in the PMIC facility—should preclude termination.

  With regard to her reasonable-efforts claim, after her visits with S.N. were suspended, the mother sought visitation in an October 20, 2015 request for additional services. However, on the recommendation of S.N.'s therapist, visitation was not resumed because S.N. was exhibiting negative behaviors following the visits. The district court noted in the October 29, 2015 permanency order:

> [The] concern is that [the mother] encourages S.N. to be defiant with authority and to act paranoid by constantly questioning authority (and tape-recording all interactions). It is important to note that other professionals, including those at Cherokee and non-professionals, such as the caretakers of S.N. believe [the mother's] visitation causes problems with S.N.'s behavior and defiance.

Moreover, although the mother has been receiving services since 2011, she has yet to resolve any of her substance abuse or mental health issues. Given these circumstances and the negative impact the mother was having on S.N. during visitation, we conclude the reasonable-efforts requirement was met.

---

[5] Because the mother does not contest the grounds for termination, we do not review the merits of the applicability of these paragraphs as found by the district court.

Additionally, the record establishes it is in S.N.'s best interests to terminate the mother's parental rights, and no considerations found in subsection (3) preclude termination. As the district court noted:

> [The mother] believe[s] that [S.N.'s] problems are a result of the IDHS intervention in the case. [She will not admit] that [her] own mental health issues, substance abuse issues . . . and questioning of authority has any impact upon [S.N.]. Despite nearly two years of services, little progress has been made, and the therapists believe [the mother's] contact with [S.N.] actually prevents him from being able to move on from the paranoid thinking and acts of defiance.

It is clear that the parent-child relationship is detrimental to S.N.'s ability to regain his own stable mental health, and the mother does not see a need to change her life to help her son. In determining the future actions of the parent, her past conduct is instructive. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). The record does not indicate any progress by the mother to ameliorate the situation.

Furthermore, as the district court noted, S.N. "needs permanency immediately. His mental health and behavioral issues demand it." We agree, as "the statutory time line must be followed and children should not be forced to wait for their parent to grow up." *In re N.F.*, 579 N.W.2d 338, 341 (Iowa Ct. App. 1998); *see also* Iowa Code § 232.116(2). S.N.'s placement in the PMIC facility as a consideration found in subsection (3) does not override the termination of the mother's parental rights. Rather, as the record repeatedly evinced, S.N.'s placement is to help him overcome the negative impact the mother's mental health and substance abuse issues have had on him.

For these reasons, we affirm the order of the district court terminating the mother's parental rights to S.N.

**AFFIRMED.**